UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 22-197-01 |
| VERSUS | JUDGE ELIZABETH E. FOOTE |
| HOWARD DAVIS (01) | MAGISTRATE JUDGE HORNSBY |

### MEMORANDUM RULING

Before the Court are two related motions in the above-captioned case, both filed by the Government: (1) a notice of intent to introduce extrinsic evidence under Federal Rule of Evidence 404(b) and (2) a notice of intent to impeach pursuant to Federal Rule of Evidence 609. Record Documents 39 and 40. The Defendant, Howard Davis ("Davis"), has opposed both motions. For the reasons below, the Rule 404(b) motion is **DENIED**, and the Rule 609 motion is **DEFERRED** until trial.

Davis has been indicted by a federal grand jury with one count of possession with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. § 841. Record Document 1. The charge stems from a lawful traffic stop on I-20 in Webster Parish, Louisiana. Record Document 30, p. 1. A license plate reader database indicated that the vehicle Davis was driving had been in North Carolina the day prior to the stop, then in Dallas, Texas the night before the stop. Id. at p. 2. Davis had a North Carolina driver's license. Id. When Davis spoke to the Louisiana State Trooper who initiated the traffic stop, he explained that he had been visiting a friend in Shreveport for the past two to three days. This story contradicted the license plate reader information. Davis, however, was unable to identify the neighborhood or street his friend lived on in Shreveport; and,

1

he later said he had been visiting a friend's mother in the hospital, but could not provide the name, location, or a description of the hospital. Id. at 4. In addition to the inconsistent story of the trip's itinerary, other indicators of drug activity caused the officer to have a police K9 conduct an open-air sniff around the car. Id. at pp. 3-5. The dog gave a positive alert, and ultimately 4.5 kilograms of cocaine were discovered in a red bag in the vehicle's trunk. Id. at p. 5. Davis was indicted, has pleaded not guilty, and is proceeding to a jury trial.

I.   The Rule 404(b) Evidence.

In the 404(b) motion, the Government seeks to introduce evidence of Davis's 1998 conviction in the Middle District of North Carolina for possession with intent to distribute more than 50 grams of crack cocaine. Record Document 39, p. 3. The Government argues this extrinsic evidence is admissible to prove Davis's knowing possession of the cocaine found in the instant traffic stop, as well as his intent to distribute it.

The admissibility of extrinsic evidence is governed by Rule 404(b), which provides:

> (b) Crimes, Wrongs, or Other Acts.
> (1) Prohibited Uses. Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.
> (2) Permitted Uses; Notice in a Criminal Case. This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

Fed. R. Evid. 404(b).

The admissibility of Rule 404(b) evidence is governed by United States v. Beechum, 582 F.2d 898 (5th Cir. 1978). Beechum imposes a two-step analysis to determine the admissibility of extrinsic act evidence: (1) the court must first determine whether the

2

extrinsic act is relevant to an issue other than the defendant's character; and (2) the court must ensure the probative value of the evidence is not substantially outweighed by its prejudice. Id. at 911. "Rule 404(b) is designed to guard against the inherent danger that the admission of 'other acts' evidence might lead a jury to convict a defendant not of the charged offense, but instead of an extrinsic offense. . . . 'This danger is particularly great where . . . the extrinsic activity was not the subject of a conviction; the jury may feel that the defendant should be punished for that activity even if he is not guilty of the offense charged.'" United States v. Sumlin, 489 F.3d 683, 689 (5th Cir. 2007) (quoting United States v. Ridlehuber, 11 F.3d 516, 521 (5th Cir. 1993)).

As to the first step of Beechum, the Fifth Circuit has explained that the "relevance of extrinsic act evidence is a function of its similarity to the offense charged." United States v. Jimenez-Elvirez, 862 F.3d 527, 536 (5th Cir. 2017) (quoting United States v. Cockrell, 587 F.3d 674, 678 (5th Cir. 2009)) (internal marks omitted). That is, the "[s]imilarity of the extrinsic offense to the offense charged is the standard by which relevancy is measured under Rule 404(b)." United States v. Gordon, 780 F.2d 1165, 1173 (5th Cir. 1986). However, as the Beechum court cautioned, "similarity means more than that the extrinsic and charged offense have a common characteristic. For the purposes of determining relevancy, a fact is similar to another only when the common characteristic is the significant one for the purpose of the inquiry at hand." Beechum, 582 F.2d at 911.

Here, the Government submits that the evidence is relevant to prove Davis's knowledge and intent. However, the Government has been unable to provide any context for Davis's prior conviction, aside from the fact that he was convicted of a cocaine offense.

The Government has conceded that it was unable to locate arrest reports or the arresting officer from North Carolina. Hence, there are no supporting details which shed light on any similarity between the prior crime and the instant crime. In the absence of details for the offense, the Court does not know any of the facts surrounding Davis's prior conviction, aside from the fact that it involved the same drug as the instant case—cocaine. However, the circumstances that led to Davis's prior conviction—whether it originated from a traffic stop or actual drug sales; whether Davis was a drug courier, a street dealer, or an organizer; the amount of cocaine for which he was responsible; the packaging of the drugs in the prior case; and many other details that could demonstrate similarity—are unknown. To be sure, "the extrinsic offense and the charged offense do not have to be identical for the extrinsic offense to be relevant." United States v. Charles, 366 F. App'x 532, 538 (5th Cir. 2010). However, because the Government cannot present any facts relating to the prior crime, the Court is unable to undertake its duty of assessing the relevance of the evidence. Thus, the Court finds that the Government has been unable to establish the relevance of the proffered evidence and cannot satisfy the first prong of Beechum.

The Court next assesses the second prong of Beechum, which is whether the extrinsic evidence's probative value is substantially outweighed by the undue prejudice it would cause. The probative value of extrinsic evidence is not an absolute, but must be determined with regard to various factors, such as the extent to which the defendant's unlawful intent is established by other evidence, the overall similarity of the extrinsic and charged offenses, and the amount of time that separates the extrinsic and charged

4

offenses. Temporal remoteness of extrinsic evidence may weaken its probative value, but the age of an act is not a bar under Rule 404(b). See United States v. Broussard, 80 F.3d 1025, 1040 (5th Cir. 1996).

In the instant case, the Court cannot determine the extent to which Davis's intent will be established by other evidence. Typically, "[e]xtrinsic evidence has high probative value when intent is the key issue at trial. . . . This is particularly true when the evidence is 'necessary to counter [a defendant's] claim that he was merely an ignorant participant in the operation and never knowingly agreed to participate in a[n] [illegal] business." United States v. Juarez, 866 F.3d 622, 627 (5th Cir. 2017) (quoting United States v. Jackson, 339 F.3d 349, 356 (5th Cir. 2003)). It would seem that by pleading not guilty, Davis has placed his intent at issue, and thus the 1998 conviction is relevant as probative of Davis's state of mind. However, neither the Government nor the defense has shed any light on the evidence anticipated to be adduced at trial or, said another way, the Court is uninformed as to Government's "need" for the evidence of the prior conviction. Thus, this factor is neutral.

The next factor the Court assesses is the similarity between the charged offense and the extrinsic conduct. Similarity increases both the probative value of the evidence, as well as the consequential prejudicial effect of its admission. Id. As set forth above, the Government has been unable to produce information that would establish the similarity between the two offenses.

Lastly, as to the amount of time separating the charged and extrinsic offenses, the third factor the Court must consider, the Court is concerned with the age of Davis's prior

conviction. While the Government argues that the Fifth Circuit has approved the admissibility of prior acts that occurred fifteen and eighteen years ago, Davis's prior offense occurred nearly twenty-five years ago. This significantly diminishes the probative value of the evidence.

In conclusion, the lack of temporal proximity, coupled with the absence of any details to establish similarity, and therefore relevance, convinces the Court that the evidence does not satisfy <u>Beechum</u>. Accordingly, the Government may not introduce the prior conviction as extrinsic evidence under Rule 404(b).

II. <u>The Rule 609 Impeachment Issue</u>.

In the Government's Rule 609 motion, it seeks to introduce Davis's 1998 North Carolina drug conviction to impeach him if he elects to testify at trial. The admissibility of prior convictions to impeach a witness is governed by Federal Rule of Evidence 609. Rule 609, which is directed at attacking a witness's character for truthfulness, provides that in a criminal case in which the defendant is the witness, evidence of a prior felony conviction "must be admitted . . . if the probative value of the evidence outweighs its prejudicial effect to that defendant." Fed. R. Evid. 609(a)(1)(B).[1] However, Rule 609(b) cautions that if more than ten years have passed since the conviction or release from confinement, whichever is later, the conviction is admissible only if "its probative value, supported by

---

[1] Rule 609 also provides that evidence of any criminal conviction, regardless of the punishment, that required proving a dishonest act or false statement must be admitted, but this provision is not at issue here.

specific facts and circumstances, substantially outweighs its prejudicial effect" and reasonable written notice of the intent to use the evidence has been provided.[2]

The Government submits that Davis was sentenced to 168 months of imprisonment for his 1998 cocaine conviction; however, no further information has been provided to the Court to aid in the timing calculations. Without knowing specifically when Davis's sentence commenced, the Court estimates Davis would have been released sometime around 2012, though with good time credits and/or credit for time spent in federal custody prior to sentencing, his release may have been earlier. If Davis received a subsequent sentence of imprisonment while serving his federal sentence, his release date may have been later than 2012. Suffice it to say that the Court does not know when Davis was released from imprisonment for his federal drug conviction, though it seems plausible his release was more than ten years ago. Thus, it is likely that Rule 609(b) applies here.

The Fifth Circuit has interpreted Rule 609(b) "to say that the probative value of a conviction more than 10 years old is by definition outweighed by its prejudicial effect. 'The general rule is inadmissibility. It is only when the court admits evidence of a conviction over ten years old that the court must engage in a balancing test on the record.'" United States v. Hamilton, 48 F.3d 149, 154 (5th Cir. 1995) (quoting United States v. Estes, 994 F.2d 147, 149 (5th Cir. 1993)). Therefore, as the Fifth Circuit has explained, Rule 609(b) places a time limit on the use of evidence under 609(a), such that, typically, the probative value of a conviction over ten years old is outweighed by its prejudicial effect. United States v. Charles, 366 F. App'x 532, 541 (5th Cir. 2010). In Charles, the Fifth Circuit

---

[2] In this case, the Government has provided adequate notice to Davis.

instructed, "the legislative history of rule 609(b) 'makes clear that convictions over 10 years old will be admitted very rarely and only in exceptional circumstances.'" Id. (quoting United States v. Cathey, 591 F.2d 268, 275 (5th Cir. 1979)).

Here, in the absence of information regarding whether Rule 609(b) applies, the Court will **DEFER** ruling on the motion. However, it notes for the parties' benefit that if the evidence is excluded, the Court need not engage in the balancing test of probative value versus prejudicial effect. Id. at 542. Instead, that finding need only be made when the Court chooses to admit evidence of a conviction that is more than ten years old. Id.

III.  Conclusion.

For the reasons stated above, the Government's motion to introduce extrinsic evidence of Davis's 1998 federal drug conviction under Rule 404(b) [Record Document 39] is **DENIED**, while a ruling on the Government's motion to impeach the Defendant with a prior conviction under Rule 609 [Record Document 40] is **DEFERRED** until trial. If the Defendant elects to testify at trial, the Government must request a hearing outside the presence of the jury to determine whether it may use this prior conviction as impeachment material pursuant to Rule 609.

**THUS DONE AND SIGNED** this 8th day of June, 2023.

_____
ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE