**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

UNITED STATES OF AMERICA                    CRIMINAL ACTION NO. 22-00197

VERSUS                                      JUDGE S. MAURICE HICKS, JR.

HOWARD DAVIS                                MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Before the Court is a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Record Document 96) filed by Defendant, Howard Davis ("Davis"). The United States filed a response in opposition. See Record Document 99.

On June 13, 2023, following a jury trial, Davis was found guilty of possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1). See Record Document 64. On November 29, 2023, the Court sentenced Davis to 262 months of imprisonment followed by a five-year term of supervised release. See Record Document 83. The Fifth Circuit affirmed Davis's conviction. See Record Document 95.

Davis filed the instant Motion under 28 U.S.C. § 2255 on December 9, 2025. See Record Document 96. In his Motion, Davis argues that federal jurisdiction was improperly asserted after his arrest by Louisiana State Police and that his transfer from state to federal custody violated due process and the Fourth Amendment. See id. at 1–3. Davis further argues that his attorney rendered ineffective assistance by failing to pursue these claims more extensively. See id.

Following conviction and exhaustion or waiver of the right to appeal, the court presumes that a defendant "stands fairly and finally convicted." United States v. Shaid, 937 F.2d 228, 231–32 (5th Cir. 1991) (quoting United States v. Frady, 102 S. Ct. 1584,

1592 (1982)). Relief under Section 2255 "is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992). Section 2255 is not a substitute for direct appeal. See United States v. McGrew, 397 Fed. Appx. 87, 91 (5th Cir. 2010). Indeed, if a claim is not raised on direct appeal, a Section 2255 movant "may not raise it on collateral review unless he shows cause and prejudice or that he is actually innocent." United States v. Scruggs, 691 F.3d 660, 666 (citation omitted).

In a § 2255 motion, a defendant may present four cognizable grounds, which include the following: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack. See 28 U.S.C. § 2255; see also United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996).

To the extent Davis challenges how his case was transferred from state to federal authorities, such claims are procedurally barred because Davis failed to raise them on direct appeal. Davis has not established cause or prejudice, nor has he demonstrated actual innocence.

Even if the claims were not procedurally barred, they are plainly meritless. Davis argues that federal authorities lacked jurisdiction because he was initially stopped by a Louisiana State Trooper and was later transferred into federal custody without "a referral, task-force designation, or state transfer." Record Document 96 at 2. However, subject matter jurisdiction existed because Davis was charged with violating a federal criminal

statute. See 18 U.S.C. § 3231. The fact that the investigation initially involved state officers does not deprive the federal government of jurisdiction to prosecute federal crimes.

The Court notes that it has previously addressed this issue in open court directly with Davis before his trial. See Record Document 89 at 2–9. The Court thoroughly explained why it has the requisite subject matter jurisdiction over him regardless of the fact that his initial encounter with authorities involved a state trooper. See id. Davis was ultimately indicted by a federal grand jury, tried before a jury, and convicted based upon sufficient evidence establishing his guilt. The federal government was entitled to prosecute Davis for violations of federal narcotics laws, and the federal proceedings complied with constitutional and procedural requirements.

Davis also alleges that his counsel was ineffective for failing to file a motion to dismiss for lack of subject matter jurisdiction and for failing to investigate the chain of custody of the evidence seized during the traffic stop. See Record Document 96 at 4. However, Davis has failed to satisfy the requirements established in Strickland v. Washington, 466 U.S. 668 (1984) to state a claim for ineffective assistance of counsel.

Under Strickland, the Court must first determine "whether counsel's representation fell below an objective standard of reasonableness. Then [the Court must] ask whether there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Padilla v. Kentucky, 559 U.S. 356, 366 (2010) (internal citations and quotations omitted). The second prong focuses on whether counsel's deficient performance prejudiced the defense. See Strickland, 466 U.S. at 667.

As to Davis's complaint that counsel failed to file a motion to dismiss based on lack of subject matter jurisdiction, such a motion would be frivolous based on the reasons explained above. Counsel is not ineffective for failing to raise frivolous or meritless claims. See Sones v. Hargett, 61 F.3d 410, 415 n.5 (5th Cir. 1995). Regarding Davis's argument surrounding the chain of custody, the record reflects that counsel did challenge the admissibility of the evidence recovered during the traffic stop through a motion to suppress. See Record Document 22. Following briefing, a hearing, a Report and Recommendation, and objections, the Court denied the motion to suppress. See Record Documents 22–24, 30–33. On direct appeal, the Fifth Circuit affirmed the denial of the suppression motion and upheld Davis's conviction. See Record Document 95.

To the extent Davis now attempts to reframe the issue as involving the transfer of evidence or custody from state authorities to federal authorities, such argument likewise fails. Davis has identified no constitutional violation arising from the fact that Louisiana State Police initially recovered the narcotics before federal authorities assumed prosecution of the case. Nor has Davis demonstrated any defect in the chain of custody that would have rendered the evidence inadmissible or otherwise affected the outcome of the proceedings. Accordingly, Davis has failed to establish either deficient performance or prejudice under Strickland.

Accordingly,

**IT IS ORDERED** that Davis's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Record Document 96) is **DENIED**.

4

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 18th day of May, 2026.

_____
JUDGE S. MAURICE HICKS, JR.
UNITED STATES DISTRICT COURT