**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

UNITED STATES OF AMERICA                    CRIMINAL ACTION NO. 22-00197

VERSUS                                                        JUDGE S. MAURICE HICKS, JR.

HOWARD DAVIS                                         MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Before the Court is a Motion to Alter or Amend Judgment Pursuant to Federal Rule of Civil Procedure 59(e) (Record Document 101) filed by Defendant, Howard Davis ("Davis"). For the reasons set forth below, the Motion is **DENIED**.

Rule 59(e) "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." Templet v. HydroChem Inc., 367 F.3d 473, 479 (5th Cir. 2004) (quoting Waltman v. Int'l Paper Co., 875 F.2d 468, 473 (5th Cir. 1989)). A Rule 59(e) motion is "not the proper vehicle for rehashing evidence, legal theories, or arguments" that could have been raised before entry of judgment. Id.

Davis contends that reconsideration is warranted because the Court misconstrued the nature of his ineffective-assistance claim, improperly resolved factual issues regarding counsel's investigation without an evidentiary hearing, and failed to address his request for discovery. See Record Document 101 at 1. The Court disagrees.

Davis argues that the Court improperly characterized his § 2255 motion as solely challenging the Court's subject matter jurisdiction based upon his initial arrest by Louisiana State Police. See id. at 2. According to Davis, his actual claim was that trial counsel rendered ineffective assistance by failing to investigate and obtain records relating to the transfer of his case from state to federal authorities, including referral

documentation, task-force records, and communications between state and federal agencies. See id. at 2–3.

However, even construing Davis's claims in this broader manner, he has failed to establish a basis for relief under Strickland v. Washington, 466 U.S. 668 (1984). Under Strickland, the Court must first determine "whether counsel's representation fell below an objective standard of reasonableness. Then [the Court must] ask whether there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Padilla v. Kentucky, 559 U.S. 356, 366 (2010) (internal citations and quotations omitted). The second prong focuses on whether counsel's deficient performance prejudiced the defense. See Strickland, 466 U.S. at 667. In other words, to establish ineffective assistance of counsel, Davis must demonstrate both deficient performance and resulting prejudice. However, a court need not address both components of the inquiry if the defendant makes an insufficient showing on one. See id. at 697.

Even assuming, arguendo, that counsel did not obtain every record identified by Davis or conduct the investigation Davis now believes was necessary, Davis has not demonstrated a reasonable probability that the outcome of his criminal proceedings would have been different. Davis's underlying theory remains that the absence of state transfer paperwork, referral documentation, task-force designation records, or other interagency records rendered the federal prosecution constitutionally defective. However, Davis identifies no legal authority establishing that the absence of such documentation would have deprived this Court of jurisdiction, required suppression of the evidence, or otherwise invalidated his conviction.

The record further reflects that federal authorities lawfully assumed prosecution of Davis's case. Following the traffic stop by Louisiana State Police, DEA personnel became involved, a federal criminal complaint was filed, Davis was arrested on the federal charges, and he appeared before a federal magistrate judge the same day. The fact that the investigation initially involved state officers did not deprive the federal government of authority to prosecute Davis for violations of federal criminal law. Accordingly, Davis cannot establish prejudice under Strickland, and his ineffective-assistance claim fails regardless of whether additional investigation occurred.

To the extent Davis argues that an evidentiary hearing was required, a district court may deny a § 2255 motion without an evidentiary hearing when the motion, files, and records of the case conclusively show that the prisoner is not entitled to relief. See 28 U.S.C. § 2255(b). The Court has already determined that the record conclusively establishes that Davis is not entitled to relief, and nothing in the instant Motion alters that conclusion.

Davis also argues that reconsideration is warranted because the Court did not expressly address his request for discovery in the original § 2255 motion. Discovery in § 2255 proceedings is not automatic and may be authorized only upon a showing of good cause. See Rule 6 of the Rules Governing Section 2255 Proceedings. Davis failed to establish good cause because his request was based upon speculation that additional records might reveal a defect in the transition of his case from state to federal authorities. Such speculative assertions do not provide good cause to warrant discovery, particularly considering Davis has failed to identify any legal theory under which the requested

3

materials would have resulted in suppression of the evidence or dismissal of the prosecution.

Ultimately, Davis's Motion does not identify a manifest error of law or fact, newly discovered evidence, or an intervening change in controlling law. Instead, he largely reasserts arguments that were previously raised and rejected by the Court. Therefore, Davis has failed to demonstrate that he is entitled to relief under 28 U.S.C. § 2255.

Accordingly,

**IT IS ORDERED** that Davis's Motion to Alter or Amend Judgment (Record Document 101) is **DENIED**.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 17th day of June, 2026.

_____
JUDGE S. MAURICE HICKS, JR.
UNITED STATES DISTRICT COURT